# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| EDWARD CHARLES KENDALL,<br><br>    Petitioner,<br><br>vs.<br><br>JOHN FAYRAM,<br><br>    Respondent. | No. C09-0036-LRR<br><br>ORDER |

      This matter appears before the court on the petitioner's amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket no. 16). On June 17, 2009, the petitioner submitted his amended application for a writ of habeas corpus. On February 8, 2010, the court dismissed two of the petitioner's claims, and it directed the respondent to file an appendix and the parties to brief the remaining claims (docket no. 31). On February 12, 2010, the respondent filed an appendix (docket no. 34).[1] On March 8, 2010, the petitioner filed a brief (docket no. 36). On March 26, 2010, the petitioner, proceeding pro se and with the permission of the court, filed a brief (docket no. 41). On April 21, 2010, the respondent filed a response brief (docket no. 44). On April 30, 2010, the petitioner filed a reply brief (docket no. 45). The court now turns to consider the petitioner's amended application for a writ of habeas corpus.

      With respect to whether an evidentiary hearing is warranted, 28 U.S.C. § 2254(e)(2) provides:

---

[1] The court notes that the parties previously submitted relevant state court documents. Because they are part of the record, the court will rely on them to the extent that they are needed to resolve the petitioner's claims.

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>> (A) the claim relies on—
>>> (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Due to the limits set forth in 28 U.S.C. § 2254(e)(2), the court concludes that an evidentiary hearing is not warranted. *See Smith v. Bowersox*, 311 F.3d 915, 921 (8th Cir. 2002) (discussing constraints on district court's discretion to hold an evidentiary hearing); *Hall v. Luebbers*, 296 F.3d 685, 700 (8th Cir. 2002) (discussing standard for conducting an evidentiary hearing under 28 U.S.C. § 2254(e)(2)); *Kinder v. Bowersox*, 272 F.3d 532, 542 (8th Cir. 2001) (finding it was proper for district court not to hold an evidentiary hearing because the petitioner did not meet the requirements of 28 U.S.C. § 2254(e)(2)); *Parker v. Kemna*, 260 F.3d 852, 854 (8th Cir. 2001) (same); *Hatcher v. Hopkins*, 256 F.3d 761, 764 (8th Cir. 2001) (same); *cf. Johnston v. Luebbers*, 288 F.3d 1048, 1058-60 (8th Cir. 2002) (assuming that 28 U.S.C. § 2254(e)(2) did not bar the district court from granting an evidentiary hearing and denying the petitioner an evidentiary hearing because such a hearing would not assist in the resolution of his claim).

With respect to the merits of the petitioner's claims, the court deems it appropriate to deny the amended application for a writ of habeas corpus for the reasons stated in the response brief that the respondent filed. The response brief adequately sets forth the law

that is applicable to the petitioner's claims. Specifically, the respondent correctly asserted that the petitioner is not entitled to habeas relief because the Iowa courts properly adjudicated the petitioner's ineffective assistance of counsel claims, the petitioner's due process claims are procedurally defaulted and the petitioner failed to adequately present his due process claims to the state courts as he is required to do if he seeks habeas corpus relief. The respondent also correctly asserted that the petitioner's claims are without merit.

Moreover, the court thoroughly reviewed the record and finds that relief is not available. To succeed under 28 U.S.C. § 2254(d)(1), a petitioner must prove that the state court's decision is objectively unreasonable, rather than incorrect or erroneous. *Christian v. Dingle*, 577 F.3d 907, 911 (8th Cir. 2009) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003)); *see also Newman v. Hopkins*, 247 F.3d 848, 850-52 (8th Cir. 2001) (discussing effect of *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000)). The court concludes that the Iowa courts' analysis of the petitioner's ineffective assistance of counsel claims is not an objectively unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). Additionally, after reviewing the record de novo, *see Rompilla v. Beard*, 545 U.S. 374, 390, 125 S. Ct. 2456, 162 L. Ed. 2d 360 (2005), the court concludes that the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and counsel's performance did not prejudice the petitioner's defense, *id*. at 692-94. Considering all of the circumstances and refraining from engaging in hindsight or second-guessing counsel's strategic decisions, the court finds that no violation of the petitioner's constitutional right to counsel occurred. The record reveals that: (1) the petitioner understood his *Miranda* rights and voluntarily waived them; (2) the petitioner understood the nature of the charges that had been filed against him and consulted defense counsel for the purpose of assisting in his defense; and (3) the petitioner knowingly and voluntarily elected to plead guilty because he wanted to accept

responsibility and to receive sentencing concessions. In light of the record, the court finds that defense counsel was not required to file a frivolous motion or pursue a course that the petitioner directed her not to pursue. Lastly, the court concludes that the petitioner's due process claims are unexhausted and procedurally defaulted. The petitioner's failure to file a motion in arrest of judgment provides an independent and adequate state-law ground for the petitioner's convictions and sentences, and, consequently, the court is unable to review his defaulted claims. *See Welch v. Lund*, 616 F.3d 756, 760 (8th Cir. 2010). Nevertheless, the court concludes that habeas relief is not available because no evidence calls into question the petitioner's competency at the time he pleaded guilty and the Iowa courts appropriately addressed the petitioner's claims.

In sum, the court concludes that the Iowa courts' adjudication of the petitioner's ineffective assistance of counsel claims neither resulted in a decision contrary to clearly established federal law nor involved an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d). Further, despite the fact that the petitioner only properly preserved his ineffective assistance of counsel claims, the court concludes that no violation of any of the petitioner's constitutional rights occurred. Accordingly, the petitioner's amended application for a writ of habeas corpus shall be denied.

In a habeas proceeding before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may only issue if a petitioner has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir.

4

2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [petitioner must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the petitioner failed to make the requisite "substantial showing" with respect to the claims that he raised in his amended application for a writ of habeas corpus. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because there is no debatable question as to the resolution of this case, an appeal is not warranted. Accordingly, the court shall not grant a certificate of appealability pursuant to 28 U.S.C. § 2253.

If the petitioner desires further review of his claims, he may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in

accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The petitioner's amended application for a writ of habeas corpus (docket no. 16) is denied.

2) A certificate of appealability is denied.

**DATED** this 7th day of February, 2011.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA